# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANDREW ANTHONY, III,<br><br>*Plaintiff*,<br>v.<br><br>VERNON GORNEY and THE RV FACTORY, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-cv-856<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Admit 18.001 Billing Affidavits (Dkt. #21). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a personal injury lawsuit. On June 13, 2025, Plaintiff Andrew Anthony, III ("Plaintiff") initiated this lawsuit against Defendants Vernon Gorney and The RV Factory, LLC ("Defendants") in the 493rd Judicial District Court of Collin County, Texas (Dkt. #2). On August 8, 2025, Defendants removed the suit to the Eastern District of Texas, Sherman Division (Dkt. #1).

On July 15, 2026, Plaintiff filed the instant Motion (Dkt. #21), wherein Plaintiff requests that the Court apply the provisions of Texas Civil Practice and Remedies Code § 18.001 to permit introduction of Plaintiff's billing affidavits and bills over any objections. Defendants did not respond. The Motion is ripe for adjudication.

## LEGAL STANDARD

Under Texas law, a plaintiff bears the burden of proving the necessity, reasonableness, and actual amount of their past medical expenses. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361

F.3d 875, 886 (5th Cir. 2004). Texas Civil Practice and Remedies Code § 18.001 provides plaintiffs with a method to prove these expenses without the use of an expert witness testifying at trial, and states in relevant part:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE. § 18.001(b).

**ANALYSIS**

After careful review of the record and the arguments, the Court finds that Plaintiff's Motion should be granted. "We apply Texas substantive law, as this case falls under our diversity jurisdiction." *Homoki v. Conversion Servs.*, Inc., 717 F.3d 388, 396 (5th Cir. 2013). While some courts have held that § 18.001 is procedural and therefore inapplicable in federal court, *see, e.g., Perez v. Tyczynski*, No. 5:21-CV-00109, 2023 WL 2020980, at *4 (S.D. Tex. Feb. 15, 2023), the Fifth Circuit has held that "[t]he law governing what damages are recoverable is substantive, and therefore in a diversity case[,] state law governs what damages are available for a given claim and the manner in which those damages must be proved." *Homoki*, 717 F.3d at 398 (citing *Coursey v. Broadhurst*, 888 F.2d 338, 344 (5th Cir. 1989) (per curiam)). Other courts in the Eastern District of Texas have applied this precedent to Texas Civil Practice and Remedies Code § 18.001 affidavits, finding them to be substantive. *See Barnes v. Burlington Coat Factory of Tex., Inc.*, No. 4:21-CV-00008-SDJ-CAN, 2021 WL 12310948, at *3 (E.D. Tex. July 23, 2021) (collecting cases); *see also Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *7 (E.D. Tex. Dec. 2, 2019) (finding that "with the exception of the time limits set forth in § 18.001(d)-(i)—which are clearly

procedural—Tex. Civ. Prac. & Rem. Code § 18.001 applies in this diversity action"). This Court agrees with *Barnes* and *Bagley* and finds that § 18.001 "applies in federal courts to the extent [§] 18.001 permits a party to submit affidavits to prove the reasonableness and necessity of its medical expenses." *Barnes*, 2021 WL 12310948, at *3 (citing *Vansill v. Dollar Tree Stores, Inc.*, No. 4:19-CV-612-SDJ-KPJ, 2021 WL 860457, at *5 (E.D. Tex. Feb. 18, 2021)).

Here, Plaintiff asks the Court to hold that his § 18.001 affidavits and bills are admissible evidence at trial over Defendants' objections. Plaintiff notes that Defendants did not file any controverting affidavits pursuant to § 18.001. Defendants did not respond or otherwise dispute this.[1] Accordingly, Plaintiff's Motion should be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Admit 18.001 Billing Affidavits (Dkt. #21) is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 14th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

[1] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d).